JAMES E. CHASTNEY, PROSECUTOR, v. STATE BOARD OF EDUCATION ET AL., DEFENDANTS.

Submitted March 23, 1929—Decided April 11, 1929.

Before Justice PARKER, sitting alone under the statute.

For the prosecutor, *Carl A. Feick.*

For the board of education, *Winne & Banta.*

Memorandum by PARKER, J.

This case is submitted to me on briefs, but in a rather inadequate way. It has come up through the commissioner

of education and the state board, and apparently the commissioner wrote an opinion, but no copy of this, nor of the judgment of the commissioner, or of the state board, has been embodied in the state of the case; but counsel have undertaken to substitute a stipulation. The matter is not aided by the honest avowal of counsel for the board that they did not wish to dismiss the prosecutor, and did so only under the influence of a *vis major* and make no argument in the matter. I should perhaps be justified in dismissing the writ for lack of a proper record, but conclude that on the whole it is better to deal with the merits.

It is conceded that the sole question in the case is whether prosecutor is within the provision of section 229 of the School law (*Comp. Stat., p.* 4803), as amended in *Pamph. L.* 1927, *p.* 787, that "every board of education shall employ a competent physician to be known as the medical inspector." Prosecutor is not licensed under the Medicine and Surgery act, but is licensed as an osteopath, and part of the argument rests on the fact that the Osteopathy act (*Pamph. L.* 1913, *p.* 388) speaks of "osteopathic physicians."

As I read the statute, the legislature meant that the medical inspector should be a physician as the word is ordinarily understood; in short, an M.D. This, to my mind, is indicated by the phraseology *"medical* inspector;" "shall *examine* every pupil to learn whether *any* physical defect exists." Whatever may be the educational requirements for a license to practice osteopathy, the limitations of that practice as defined in the Osteopathy act are such that even conceding that a licensed osteopath will have, and retain, sufficient medical knowledge to enable him to perform satisfactorily the duties of "medical inspector," still the word "physician" and its context seem to lead the mind back inevitably to the conclusion that what the legislature required was a general medical practitioner or at least someone licensed as such.

The notion of employing an osteopath for this purpose seems new, as the question has not been raised before. The statute, however, is not new, as this language is in the act of

1903 and perhaps in earlier legislation which I have not taken time to examine. It was in force when the Osteopathy act of 1913 was passed. Before that act it plainly meant a licensed M.D., and that meaning it would naturally retain until the legislature showed an intent to modify it more plainly than it appears to have done.

The writ will be dismissed, with costs.